## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN BARNES, # 08579-025,

        Petitioner,

    vs.                              Case No. 16-cv-1180-DRH

T.G. WERLICH,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the Greenville Federal Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his enhanced sentence as a career offender following his guilty plea to two counts of distribution a controlled substance (crack cocaine). *United States v. John A. Barnes*, No. 10-cr-30004-1-SMY (S.D. Ill. 2010) ("criminal case"). The petition was filed on October 26, 2016. (Doc. 1). Petitioner pleaded guilty to distribution of controlled substances. Petitioner was sentenced to 200 months' imprisonment as a Career Offender on January 14, 2011. (Doc. 49, criminal case).

More than nine months later on September 26, 2011, petitioner filed a motion seeking to file an untimely notice of appeal. (Doc. 53, criminal case). Judge William Stiehl denied that motion on September 10, 2012. (Doc. 57, criminal case). Petitioner filed a § 2255 habeas corpus petition on December 12,

2011, case no. 11-1082-WDS.     His § 2255 habeas petition was denied on November 22, 2013.  (Doc. 14, Case No. 11-1082-WDS).  Petitioner alleges that he sought leave to file a second or successive petition and was denied by the Seventh Circuit.  (Doc. 1, p. 2).

Petitioner now brings this habeas corpus action pursuant to 28 U.S.C.  § 2241 and argues the Career Offender Enhancement he received pursuant to § 4B1.1 was unconstitutionally vague pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (U.S. 2015) and *Welch v. United States*, 136 S.Ct. 1257 (U.S. 2016).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## The Petition

Petitioner asks that the Court vacate his sentence.   (Doc. 1, p. 12). Petitioner asserts that the Career Offender enhancement in the United States Sentencing Guidelines § 4B1.1 is identical to the residual clause that *Johnson* found unconstitutionally vague and that therefore his sentence should be vacated. Petitioner argues that his conviction for aggravated assault in 1998 (Case No. 98-cf-161) did not meet the elements of the aggravated battery statute under Illinois law.  He alleges that, in that case, he just slapped his girlfriend's arm, and that

she did not receive any injuries that required medical attention as a result of the incident.  (Doc. 1, p. 5-6).  Petitioner further argues that the sentencing court also considered another aggravated battery conviction (Case no. 93-cf-225) improperly because petitioner did not intend to commit the battery the charge was based on.  (Doc. 1, p. 11).   Specifically, petitioner alleges that he was engaged in a fight with another combatant, and that a peace officer attempted to intervene, at which time petitioner inadvertently hit him.  (Doc. 1, p. 11).

### Discussion

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus.  *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).  A writ of habeas corpus under § 2255 requires the petitioner to file his challenge in the district that imposed the criminal sentence on him. See 28 U.S.C. § 2255(a).  In this case, Petitioner is clearly attacking his sentence.  However, he has alleged that he has already filed a motion pursuant to § 2255.  Further, Petitioner sought permission to file a second or successive § 2255 motion, but his request was denied by the Seventh Circuit.

The "savings clause" under § 2255(e) allows a federal prisoner to file a petition under § 2241, if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e).  In considering what it means to be "inadequate or ineffective," the Seventh Circuit

3

has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). To proceed, three additional conditions must also be met: (1) the change of law has to have been made retroactive by the Supreme Court; (2) it must be a change that eludes the permission in § 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated." *Id.* at 611-12.

In his attempt to trigger application of the savings clause, petitioner relies on two decisions of the United States Supreme Court. *See Johnson v. United States*, 135 S. Ct. 2551 (U.S. 2015); *Welch v. United States*, 136 S. Ct. 1257 (U.S. 2016). Both *Johnson* and *Welch* address the "residual clause" of the Armed Career Criminal Act ("the Act"), 18 U.S.C. § 924(e). Federal law prohibits a felon from possessing a firearm. 18 U.S.C. § 922(g). A person who violates this law can be sentenced to prison for up to ten years. 18 U.S.C. § 924(a)(2). The Act increases this punishment to a minimum sentence of fifteen years and a maximum sentence of life in prison for a person in possession of a firearm who has three or more prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1).

The Act defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one
> year...that –
> (i) has, as an element, the use, attempted use, or threatened use of
> physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or
> <u>otherwise involves conduct that presents a serious potential risk of
> physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The underlined portion of subsection (ii), i.e., "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is referred to as the "residual clause." The other portions are referred to as the "elements clause" (18 U.S.C. § 924(e)(2)(B)(i)) and the "enumerated clause" (i.e., the portion listing burglary, arson, extortion, and offenses that involve the use of explosives).

In *Johnson*, the Supreme Court struck down the "residual clause" as being unconstitutionally vague and held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." In *Welch*, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. *See also Price v. United States*, 795 F.3d 731 (7th Cir. 2015). Additionally, the Seventh Circuit has extended *Johnson* to cases implicating the career-offender provision of the Sentencing Guidelines. *United States v. Rollins*, 836 F.3d 737, 739 (7th Cir. 2016). Under the Guidelines, specifically U.S.S.G. § 4B1.2(a)(1), a defendant qualifies as a career offender if the defendant was at least 18 years old at the time of the instant offense, the instant offense is either a crime of violence or a controlled substance

offense, and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. See U.S.C.G. § 4B1.1(a).

A "crime of violence" is defined in the guideline as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

U.S.S.G.§ 4B1.2(a) (emphasis added).

Like the Act, the career offender guidelines contain an elements clause (§ 4B1.2(a)(1)), an enumerated clause (§ 4B1.2(a)(2)) (listing burglary of a dwelling, arson, extortion, or involves the use of explosives), and a residual clause (underlined portion). *Johnson* and *Welch* do not address the "elements clause" of the career offender guidelines.

However, it is not clear from the current record which clause petitioner was sentenced under.  As the Seventh Circuit has recently noted, until *Johnson*, it would be potentially frivolous for a defendant to raise an argument at sentencing that certain conduct did not meet the criteria of the elements clause when the only consequence of that argument would be to cause the sentencing court to count that conduct under the residual clause. *See Stanley v. United States*, 827 F.3d 562, 566 (7th Cir. 2016).  Additionally, while the Seventh Circuit has previously held that the Illinois aggravated battery statute is a divisible statute, *United States v. Rodriguez-Gomez*, 608 F.3d 969, 973 the Supreme Court recently provided

further guidance on that issue in *Mathis v. United States*, 136 S.Ct. 2243 (2016), and it is unclear what the potential relevance of that line of cases may be without a further developed record.  In particular, petitioner alleges that one of his prior crimes for the purposes of the career offender enhancements was striking his girlfriend in the arm, an act that the Seventh Circuit has previously held was not a "crime of violence."  *United States v. Johnson*, 365 F. App'x 3 (7th Cir. 2010).  Although the factual record needs more development, potentially, petitioner's 1998 aggravated battery conviction was improperly considered under the elements clause and thus fell under the now-invalidated residual clause.  For that reason, the Court orders respondent Werlich to file a response.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered.  This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, or timeliness argument it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated

7

by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: November 30, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.11.30 11:58:22 -06'00'

**United States District Judge**