IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN BARNES, #08579-025,**

        **Petitioner,**

vs.                                       Civil No. 16-cv-1180-DRH

**T.G. WERLICH,**

        **Respondent.**

## MEMORANDUM and ORDER

Petitioner John Barnes filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) challenging the enhancement of his sentence as a career offender under U.S.S.G. § 4B1.1. In the Petition, he purports to rely on *Johnson v. United States*, 135 S.Ct. 2551 (U.S. 2015). In his reply (Doc. 13) to the response (Doc. 7) to the petition, he claims that *Mathis v. United States*, 136 S. Ct. 2243 (2016) also supports his contentions.

## Relevant Facts and Procedural History

Barnes pleaded guilty to two counts of distribution of crack cocaine, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(C). *United States v. Barnes*, 3:10-cr-30004-SMY-1 (S.D. Ill. Jan. 14, 2011), Doc. 35. On January 14, 2011, he was sentenced to 200 months imprisonment for each count, to be served concurrently. *Id.* at Doc. 49, p. 2. The court determined that petitioner qualified as a career

1

offender. *Id.* at Doc. 48, p. 1; Doc. 38 p. 6. This was based on two prior convictions for aggravated battery (93-CF-225 and 98-CF-161) and an unlawful delivery of a controlled substance conviction (00-CF-73), all under Illinois law. *Id.* The maximum term of imprisonment pursuant to 21 U.S.C. §§ 841(b)(1)(C), 851 was 30 years, and petitioner's guidelines range was 188 to 235 months. *Id.* at Doc. 38, p. 19.

Petitioner did not file a direct appeal. Instead, he filed a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. It was dismissed because the Court found that petitioner's waiver of appellate and collateral attack in his plea agreement precluded it. *Barnes v. United States*, No. 3:11-CV-1082-WDS (S.D. Ill. Nov. 22, 2013), Doc. 14.

Petitioner later filed another petition pursuant to § 2255. *Barnes v. United States*, No. 3:16-cv-695-SMY (S.D. Ill. June 24, 2016). That case is still pending, but the Seventh Circuit notably denied petitioner leave to file a second or successive habeas petition on July 11, 2016. *Barnes v. United States*, No. 16-2427 (7th Cir. July 11, 2016), Doc. 6. In his district court case and in his Seventh Circuit proceeding, petitioner sought to challenge his career offender classification given the reasoning in *Johnson v. United States*, 135 S.Ct. 2251 (2015). In denying his request, the Seventh Circuit found that his career offender designation was not predicated on convictions affected by *Johnson*.

2

## Legal Standards Applicable to Section 2241

Petitioner cannot proceed in this action because § 2241 is unavailable to him, and the relief he seeks is foreclosed by *Beckles v. United States*, 137 S.Ct. 886 (U.S. 2017). Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998). A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court that sentenced him.

A motion under § 2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to bringing only *one* motion under § 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e)

contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## Analysis

*Johnson* is not a case of statutory interpretation; it is a constitutional case. *Welch v. United States*, 136 S.Ct. 1257, 1264 (U.S. 2016); *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015). Therefore, *Johnson* cannot be the basis of a §

contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## Analysis

*Johnson* is not a case of statutory interpretation; it is a constitutional case. *Welch v. United States*, 136 S.Ct. 1257, 1264 (U.S. 2016); *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015). Therefore, *Johnson* cannot be the basis of a §

2241 petition, and petitioner is not entitled to relief on that basis.

There are other problems with the petition as well. *Johnson* addressed language in the Armed Career Criminal Act, and the Supreme Court found in *Beckles v. United States* that the Sentencing Guidelines are not subject to a *Johnson* vagueness challenge because they are advisory. 137 S.Ct. 886, 894 (U.S. 2017). Thus, *Johnson* is not a valid basis for the relief petitioner seeks.

To the extent petitioner argues that his petition is also supported by *Mathis*, this argument must fail. There are some claims that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013). *See also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The Seventh Circuit recently reiterated that the Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017). Petitioner was sentenced in 2011, long after *Booker* was decided. He received a sentence that was within the statutory range. Therefore, he cannot

5

demonstrate a miscarriage of justice so as to permit a § 2241 petition under *Johnson* or *Mathis*.

## Conclusion

For the foregoing reasons, John Barnes' Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 **(Doc. 1)** is **DENIED**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2018.09.20
10:41:09 -05'00'

**United States District Judge**

**Notice**

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).